IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUANE PETER, : | Civil No. 4:07-cv-0068 |
| Plaintiff, : | |
| : | Judge John E. Jones III |
| v. : | |
| : | Magistrate Judge Mannion |
| JAMES T. WYNDER, *et al.*, : | |
| Defendants : | |

## MEMORANDUM

July 29, 2008

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion filed on June 16, 2008 (Doc. 57) which recommends that the defendants' motion for summary judgment (Doc. 43) be granted. For the reasons set forth below, the Court will adopt this recommendation and will grant the defendants' motion for summary judgment.

## I. PROCEDURAL HISTORY

Plaintiff Duane Peter, an inmate at the State Correctional Institute at Dallas, Pennsylvania ("SCI-Dallas"), filed the complaint in this § 1983 action on January 17, 2007. (Doc. 1.) The complaint alleged that prison officials violated various of Peter's constitutional rights. On February 25, 2008, the Court adopted the Magistrate Judge's report and recommendation and granted the defendants'

1

motion to dismiss in part. (Doc. 56.) All claims were dismissed with the sole exception of Peter's claim regarding interference with his legal mail outside of his presence against defendants Wynder, Barry, Cwalina, Lanyon, and Donald and Suzanne Buck in their individual capacities.

These defendants moved for summary judgment on this claim, principally on the ground that Peter has failed to exhaust his administrative remedies. The Magistrate Judge recommends that this motion be granted. (Doc. 57.) Peter filed a submission presumably in response to the report and recommendation. (Doc. 58.) To call this submission objections to the R&R would be a stretch. As with the rest of his submissions in this case and others (*see* Doc. 56 at 2 n.2), Peter's most recent submission contains nothing but nonsensical verbiage that is completely unresponsive to the R&R, entirely irrelevant to this case, and designed solely to annoy, harass, and delay. The defendant's filed a response to these "objections." (Doc. 59.) This matter is now ripe for the Court's review, and the Court will adopt the R&R and grant the remaining defendants summary judgment.

## II.  STANDARDS OF REVIEW

### A.  Review of a Report and Recommendation

When objections are filed to the report and recommendation of a magistrate judge, the district court makes a *de novo* determination of those portions of the

report or the proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). Under this standard, a court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

When no objections are made to a magistrate judges's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

As noted above, Peter has made no real objections to the R&R at issue. Presumably, however, his latest babel is meant to indicate his disagreement with the Magistrate Judge's conclusion. The Court will therefore apply a de novo standard of review to the defendants' summary judgment motion.

## B. Summary Judgment Standard of Review

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine

issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III. BACKGROUND

The following are the undisputed facts material to the resolution of the defendants' motion for summary judgment.[1]

---

[1] Peter's response to the defendants' motion for summary judgment and statement of material facts in support thereof was the usual "mumbo jumbo" stating, for example, that the Court lacks jurisdiction because this action sounds in admiralty and that the defendants have

At all relevant times, Peter was an inmate at SCI-Dallas. (Defs.' Statement of Material Fact ["SMF"] ¶ 2.) The remaining defendants are all employees of that institution. (*Id.* at ¶ 3.) Peter alleges that between April and August of 2005, prison employees opened, tampered with, intercepted, and destroyed his legal mail outside his presence. (*See id.* at ¶ 4.) Between August 2005 and January 2007, Peter field numerous grievances and was issues several misconducts in connection with his claims in this complaint. (*Id.* at ¶¶ 15, 18.)

The Pennsylvania Department of Corrections ("DOC") has three administrative remedy procedures by which inmates may challenge all aspects of their confinement. (*Id.* at ¶ 6.) DC-ADM 804 applies to Peter's grievances about conditions of confinement. (*Id.* at ¶ 11.) DC-ADM 801 applies to Peter's misconducts. (*Id.* at ¶ 10.) Both DC-ADM 804 and 801 provide a three-step appeal process. (*Id.* at ¶¶ 12, 13.) To exhaust his administrative remedies, a prisoner must follow the proper procedure and appeal to final review. (*Id.* at ¶ 14.) Peter did not appeal any of his the relevant grievances or misconduct through the proper procedure to final review. (*Id.* at ¶¶ 16, 17, 20, 21.)

---

failed to exhaust their administrative remedies. (*See* Doc. 46; R&R at 2 n.3, 7-8.) As the Magistrate Judge correctly noted, the facts set forth by the defendants' are thereof deemed undisputed so long as they are material and the defendants have cited to record evidence supporting the fact. (R&R at 2 n.3.)

## IV. DISCUSSION

"The Prison Litigation Reform Act of 1995 ("PLRA") requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (citing 42 U.S.C. § 1997e(a)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007) (citation omitted); *see also id.* "[P]risoners must exhaust all 'available' remedies, even where the relief sought cannot be granted through the administrative process." *Williams*, 482 F.3d at 639 (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "Additionally, the PLRA requires 'proper exhaustion,' meaning that the prisoner must comply with all the administrative requirements and not merely wait until there are no administrative remedies 'available.'" *Id.* Failure to properly exhaust administrative remedies will result in the procedural default of a prisoner's claim. *Spruill v. Gillis*, 372 F.3d 218, 230-32 (3d Cir. 2004).

In this case, the undisputed facts make clear that Peter has failed to exhaust his administrative remedies with regard to the claims presented in the complaint in this action. These claims are procedurally defaulted, and the defendants' are entitled to summary judgment. An appropriate order will enter.